OLDHAM, et al., Respondents, v. EGAN, et al., Appellants.

(184 N. W. 249.)

(File No. 4906.   Opinion filed August 31, 1921.)

**Pleadings—Complaint for Specific Performance, Or Return of Purchase Money and Notes—Failure to Specifically Allege Delivery of Deed to Plaintiff, "And" Failure to Deliver "Good and**

Merchantable Title," "To Comply With Contract"—Whether Local Action in Equity or Transitory, Effect Re Venue—Demurrer Sustained.

A complaint praying for specific performance of a contract of sale of realty, and on failure thereof for recovery of all payments made and notes given under the alleged contract of realty sale, which alleges that defendants agreed to warrant title "to the full extent of the warranty contained in the said deed conveying the same from said E. to plaintiffs with the exception only as to the incumbrance of $100,000," etc., following by an allegation that defendants have "wholly failed to comply with the terms of said contract and said bond and wholly failed to execute and deliver a good and merchantable title for said premises," is so indefinite and uncertain wherein it fails to allege whether defendant E. has delivered to plaintiffs a deed for said land; since the complaint alleges that he agreed both by bond and contract to deliver a deed of perfect merchantable title, and if, as alleged, he wholly failed to comply with such terms, he necessarily failed to deliver a deed; and, the clauses of the complaint being connected by the word "and," might be construed as independent of each other; and if no deed was delivered, suit might be a local action in equity, while if a deed were delivered but did not convey merchantable title remedy would be a transitory action at law for breach of covenants of warranty and on the bond guaranteeing conveyance of merchantable title; and demurrer should have been sustained in that complaint fails to state a cause of action on any theory.

Whiting, J., not sitting.

Appeal from Circuit Court, Tripp County. Hon. M. N. BURCH, Judge.

Action by Harold A. Oldham and another, against George W. Egan and others, to enforce specific performance of a contract for sale of realty, and for other relief. From an order overruling a demurrer to the complaint, defendants appeal. Reversed, without prejudice to right to amend complaint.

*Kirby, Kirby & Kirby,* for Appellants.

*Hannett & Hannett,* and *W. J. Hooper,* for Respondents.

Appellant cited, to insufficiency of complaint: 20 Encyc. of Pl. & Pr., 451; Leisch v. Baer, 24 S. D. 184; Morgan v. Bell, 28 Pac. 925; Williams v. Mansell, 19 Fla. 546.

McCOY, J.   From an order overruling a demurrer to the complaint defendants appeal. In substance the complaint states that on the 21st day of April, 1919, the defendant Egan and

plaintiffs entered into a contract whereby the said Egan agreed to sell and convey to plaintiffs certain described real estate for the purchase price of $143,000, payable as follows: $15,000 cash; $28,000 May 1, 1919; and the balance of $100,000 to be paid by notes, secured by first mortgages on the said real estate, payable May 1, 1929; that it was further mutually agreed that on failure of title for any cause, or should the government refuse to approve the original sale or fail to issue patents for said land, then said contract should be canceled and settled by the prompt return of all money paid by the purchasers; that upon compliance with the terms of said contract by plaintiffs the said Egan would make, execute, and deliver to said plaintiffs a good and sufficient warranty deed and abstract, showing perfect title to the above-described premises, conveying the same to the plaintiffs free and clear of incumbrances, except as above mentioned; that in the event of the plaintiff's failure to pay said purchase money as above stated, they should forfeit any money paid upon said contract, and any rights in and to said real estate, unless the said Egan should otherwise elect. The said complaint also further contained the allegations that said Egan was the owner of said land; that the consideration agreed to be paid for the said land was an adequate consideration; that at the time of the execution of said contract said plaintiffs were and had at all times been ready and willing to comply with the terms of said contract; that, the said Egan was unable to comply with the terms of said contract and furnish a good and marketable title to said premises before May 1, 1919, and thereafter, as an inducement to these plaintiffs to deliver the notes and mortgages therein referred to, and as an inducement to plaintiffs to pay the said $28,000 then due, the said defendants executed and delivered to the plaintiffs another contract in the nature of a bond, in substance reciting and providing that, whereas on the 21st day of April, 1919, the said Egan and these plaintiffs entered into the said agreement hereinbefore alleged, wherein and whereby the said Egan, together with his codefendants, bound themselves and agreed and guaranteed to the plaintiffs that the said Egan should, on or before the 2d day of February, 1920, deed said lands to plaintiffs, and furnish to said plaintiffs an abstract of title to the said premises showing perfect merchantable title in him, and therefore bound themselves and agreed to warrant the

title to said real property to the full extent of the warranty contained in the said deed, conveying the same from said Egan to plaintiffs, with the exception only as to the incumbrance of $100,-000 placed thereon by the plaintiffs in their said mortgage to said Egan; that immediately upon the execution of said bond the said plaintiffs delivered to said Egan the notes and mortgages referred to in said contract, and said bond, and also paid to him the sum of $28,000 therein specified; that the said defendants have wholly failed to comply with the terms of said contract and said bond, and have wholly failed to execute and deliver to the plaintiffs a good and merchantable title for said premises, or any part thereof; that the plaintiffs have paid to said Egan under said contract the sum of $43,000, and also the sum of $3,000 interest on said notes and mortgages; that the said Egan at the time he executed said contract and said bond well knew that he would not comply with the terms of said contract and furnish good and merchantable title as agreed to be done, which the plaintiffs did not know, but relied upon the representations made by the said Egan, believing the same to be true; that at the time of the breach of said contract and said bond the said land was reasonably worth $125 per acre; that before the commencement of this action the said plaintiff demanded of said defendants that they comply with the terms of said contract and furnish a good merchantable title to the said land, but that they have failed and refused so to do. Plaintiff demanded judgment for specific performance, and on failure thereof a recovery of all payments and said notes. To which complaint the defendants interposed a demurrer on the grounds: First, that several causes have been improperly united; second, that said complaint does not state facts sufficient to constitute a cause of action in favor of said plaintiffs and against said defendants.

We are of the opinion that this complaint is very indefinite and uncertain, in that it fails to allege whether or not said Egan has delivered to plaintiffs a deed for said lands. The only portion of said complaint that might refer to a delivery of a deed is as follows:

"That said defendants have wholly failed to comply with the terms of said contract and the said bond, and have wholly failed

to execute and deliver to plaintiffs a good and merchantable title for said premises or any part thereof."

Egan agreed both by the bond and the contract to deliver a deed of perfect merchantable title. If, as alleged, he wholly failed to comply with the terms of the contract and bond, he necessarily failed to deliver a deed. If he wholly failed to execute and deliver to plaintiff a good and merchantable title, he might have executed and delivered a deed of such title as he had, although the same might not have been merchantable. The clauses of the complaint are connected by the disjunctive "and," and might properly be construed as being independent of each other. If no deed at all has been delivered, the action might properly be a local action in equity to compel specific performance of the contract, and to compel the return of the payments and notes and mortgages. On the other hand, if a deed has been delivered, but the same does not convey merchantable title, then the remedy would be a transitory action at law, based on a breach of the covenants of warranty in the deed, and on the provisions of the bond guaranteeing the conveyance of a merchantable title. By reason of such indefiniteness in the allegations of the complaint we are constrained to the view that the demurrer should have been sustained on the ground alone that the same does not state facts sufficient to constitute a cause of action on any theory.

The order appealed from is reversed, without prejudice to the serving and filing of an amended complaint in harmony with this decision.

WHITING, J., not sitting.