OLDHAM, et al., Respondents, v. REILEY, et al., Appellants.

(184 N. W. 250.)

(File No. 4905. Opinion filed August 31, 1921.)

**Venue—Complaint, Cause of Action In, Whether for Contract, Or Specific Performance—Complaint Fatally Indefinite, Uncertain, No Cause of Action—Non-prejudicial Error.**

Under a complaint, which plaintiff contends was one stating a cause of action for damages for breach of contract only, but which defendants contend is one for specific performance involving realty; said complaint having been held demurrible for indefiniteness and uncertainty in failing to state a cause of action in not definitely alleging that defendant

did not deliver deed (Oldham et al. v. Egan et al., 44 S. D. 424, 184 N. W..249;) **held**, that whether change of venue was demandable under Sec. 2327, Code 1919, as for an action at law for damages, or whether venue was properly laid in county where realty was situated (Subd. 1, Sec. 2325, Code 1919) is immaterial; since, said demurrer having been sustained because complaint fails to state a cause of action on any theory, no prejudicial error follows trial court order denying defendant's motion for change of venue.

Whiting, J., not sitting.

Appeal from Circuit Court, Tripp County. Hon. N. D. Burch, Judge.

Action by Harold A. Oldham and another, against Eugene Reiley, George W. Egan, and another, to enforce specific performance of a contract for sale of realty, and for other relief. From an order denying defendants' motion for change of venue, they appeal. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Hannett & Hannett,* and *W. J. Hooper,* for Respondents.

SMITH, J. Appeal from an order denying appellant's motion for a change of venue from Tripp county to Minnehaha county. It is appellant's contention that the complaint states a cause of action for damages for breach of contract only, and that, as defendants were served with summons in Minnehaha county, they were entitled to a change of place of trial to that county under section 2327, Rev. Code 1919, while respondents contend that the action is for specific performance of a contract to convey real property situated in Tripp county, where the venue of the action is laid, and that the action is triable in that county under subdivision 1, § 2325, Rev. Code 1919.

In the same action a demurrer was filed to the complaint, which was overruled by the trial court, from which ruling an appeal was taken, in which this court holds that the complaint is so indefinite and uncertain that it fails to state a cause of action on any theory. In such a situation appellant has failed to show prejudicial error, and the order of the trial court must be affirmed. For a statement of the pleadings see Harold A. Oldham et al. v. Geo. W. Egan et al., 184 N. W. 249.

WHITING, J., not sitting.